UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25cv20891

**HECTOR LLAMPALLAS**,

    Plaintiff,
v.

**TRANS UNION LLC**,

    Defendant.
_____/

## COMPLAINT

Plaintiff Hector Llampallas ("Plaintiff") sues Defendant Trans Union LLC ("Defendant" or "TransUnion") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant Trans Union LLC ("TransUnion") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On or about April-2023, Plaintiff obtained a copy of his TransUnion credit report and identified several errors and accounts which were inaccurate, incomplete, or otherwise wrongly being attributed to Plaintiff, namely, an ARS9196 account and a Transworld Systems Inc account (collectively, the "Subject Accounts").

7. The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the Subject Accounts are erroneous because they are inaccurate, incomplete, and otherwise wrongfully attributed to Plaintif,. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts with the national credit bureaus.

8. As set forth below, Plaintiff sent three written disputes to TransUnion regarding the Subject Accounts. TransUnion, however, failed to conduct a reasonable investigation into any of Plaintiff's disputes.

9. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

10. TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

11. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

12. On April 13, 2023, Plaintiff sent TransUnion a written dispute ("Plaintiff's First Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that " [1] My name is Hector Llampallas, all other spellings of my name are incorrect [2] My correct address is 16761 NW 74th Court, Hialeah, Florida 33015, please remove all other addresses. [3] The

ARS9196 account opened on 03-21-2022 does not belong to me. I have never opened an account with ARS9156. [4] The Transworld Systems Inc opened on 09-01-2020 does not belong to me. I have never opened an account with Transworld Systems Inc. "

13. Despite receiving Plaintiff's First Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

14. Despite receiving Plaintiff's First Dispute, TransUnion continues to report the Subject Accounts inaccurately.

15. Despite receiving Plaintiff's First Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

16. On July 5, 2023, Plaintiff sent TransUnion a written dispute ("Plaintiff's Second Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that " [1] My name is Hector Llampallas, all other spellings of my name are incorrect [2] My correct address is 16761 NW 74th Court, Hialeah, Florida 33015, please remove all other addresses. [3] The ARS9196 account opened on 03-21-2022 does not belong to me. I have never opened an account with ARS9156. [4] The Transworld Systems Inc opened on 09-01-2020 does not belong to me. I have never opened an account with Transworld Systems Inc. "

17. Despite receiving Plaintiff's Second Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

18. Despite receiving Plaintiff's Second Dispute, TransUnion continues to report the Subject Accounts inaccurately.

19. Despite receiving Plaintiff's Second Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

20. On August 31, 2023, Plaintiff sent TransUnion a written dispute ("Plaintiff's Third Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that " [1] My name is Hector Llampallas, all other spellings of my name are incorrect [2] My correct address is 16761 NW 74th Court, Hialeah, Florida 33015, please remove all other addresses. [3] The ARS9196 account opened on 03-21-2022 does not belong to me. I have never opened an account with ARS9156. [4] The Transworld Systems Inc opened on 09-01-2020 does not belong to me. I have never opened an account with Transworld Systems Inc. "

21. Despite receiving Plaintiff's Third Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

22. Despite receiving Plaintiff's Third Dispute, TransUnion continues to report the Subject Accounts inaccurately.

23. Despite receiving Plaintiff's Third Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

24. Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

25. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

26. TransUnion failed to conduct a reasonable investigation into any of Plaintiff's written disputes.

27. TransUnion failed to review and consider all relevant information submitted by Plaintiff in each of Plaintiff's disputes.

28. TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

29. TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, TransUnion failed to correct the information.

30. TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

31. TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's disputes and, instead, choose to parrot the information it (TransUnion) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate.

32. Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

33. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

34. Plaintiff incorporates by reference ¶¶ 6-33 of this Complaint.

35. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

36. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

37. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

38. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

39. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

40. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

41. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

42. As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

44. Plaintiff incorporates by reference ¶¶ 6-33 of this Complaint.

45. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

46. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

47. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

48. Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

49. TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information

TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

50. The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 USCS § 1681S-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT**

54. Plaintiff incorporates by reference ¶¶ 6-33 of this Complaint.

55. Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

56. Despite receiving Plaintiff's three (3) disputes, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

57. The conduct, action and inaction of TransUnion was negligent or willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant to 15 U.S.C. § 1681o(a); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: February 25, 2025

Respectfully Submitted,

 /s/ Thomas Patti                                  .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*